UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANKIT SUD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CINMAR, LLC and FRONTGATE MARKETING, INC.,<br><br>Defendants. | No.<br><br>NOTICE OF REMOVAL<br><br>[Removal from the Superior Court of Washington, King County, Case No. 25-2-22196-2 SEA] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants Cinmar, LLC and Frontgate Marketing, Inc. (collectively, "Defendants" or "Frontgate"), through undersigned counsel, hereby effect the removal of this action from the Superior Court of the State of Washington for King County ("King County Superior Court") to the United States District Court for the Western District of Washington. Removal is proper under the Class Action Fairness Act of 2005



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

("CAFA"), 28 U.S.C. § 1332(d), because this action is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million. Venue in this Court is proper because Plaintiff Ankit Sud filed his complaint in King County Superior Court. *See* 28 U.S.C. § 128(b) (providing that King County is part of the Western District of Washington); 28 U.S.C. § 1391.

## PROCEDURAL HISTORY AND BACKGROUND

1. Plaintiff filed a class action complaint ("Complaint") in King County Superior Court on July 31, 2025. Defendants received service on August 4, 2025. A true and correct copy of the State Court Complaint and Affidavits of Service are attached as **Exhibit A**. A true and correct copy of all other process, pleadings and orders filed in the state court action are attached as **Exhibit B**. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court of the State of Washington for King County, and notice of removal will be provided to counsel of records for Plaintiffs.

2. Plaintiff broadly alleges that Defendants' "email advertisements contain subject lines that misstate the duration of its purported sales and that misstate the discount that recipients would purportedly receive for purchasing during the sale." (Ex. A ¶ 37.)

3. Plaintiff asserts two causes of action: violations of Washington's Commercial Electronic Mail Act, Wash. Rev. Code §§ 19.190 *et seq.* ("CEMA") (Count 1) and violations of the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86 *et seq.* ("CPA") (Count 2). (Ex. A ¶¶ 57-82.) The statutory period for Plaintiff's CPA claims is up to four years. Wash. Rev. Code § 19.86.120.

4. Plaintiff seeks injunctive relief, the greater of actual or statutory damages of $500 per email, treble damages, punitive damages, and attorneys' fees and costs on behalf of



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

himself and a proposed class of persons who are residents of Washington and "received promotional emails from Frontgate with subject lines advertising sales or discounts on Frontgate Products" within the applicable statute of limitations period. (Ex. A ¶¶ 49, 81, 82, 84.)

**I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

5. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

6. Pursuant to CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2).

7. A removing party need only provide a "short and plain statement of the grounds for removal"; no evidence is required to be submitted with the removal petition. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83-84 (2014) (citation omitted); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

**A. The Proposed Class Consists of 100 Members or More**

8. CAFA applies when a proposed class consists of 100 members or more. 28 U.S.C. § 1332(d)(5)(B).

9. Here, Plaintiff brings his claim on behalf of himself and all persons who are "Washington residents who received promotional emails from Frontgate with subject lines



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

advertising sales or discounting on Frontgate Products" within the applicable statute of limitations period. (Ex. A ¶ 49.)

10. Plaintiff alleges that proposed Class contains "*at least thousands*" of individuals. (*Id.* ¶ 51 (emphasis added).) Thus, on its face, the Complaint meets the class size requirement. *See Wetzel v. CertainTeed Corp.*, No. 2:16-CV-01160-RAJ, 2016 WL 11617595, at *2-3 (W.D. Wash. Nov. 4, 2016) (finding proposed class of "hundreds, if not thousands" of members "easily exceed[ed]" the 100-member threshold); *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1042 (N.D. Cal. 2019) (finding proposed class exceeded 100 members where the complaint alleged the class comprised "thousands of individuals").

11. Plaintiff's proposed class size estimates are further supported by Frontgate's records. While Defendants dispute Plaintiff's contention that their "email advertisements contain subject lines that misstate the duration of . . . purported sales and that misstate the discount that recipients would purportedly receive for purchasing during the sale," (Ex. A. ¶ 37), based on an initial review, at least 10,000 promotional emails were sent to individuals with Washington addresses during the putative class period.

**B. <u>There Is Minimal Diversity Between Plaintiffs and Defendants</u>**

12. CAFA requires minimal diversity of citizenship among the parties. Specifically, "any member of [the] class of plaintiffs" must be "a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014).

13. Plaintiff alleges that Defendant Cinmar, LLC is "a Delaware limited liability company with its principal place of business in West Chester, Ohio." (Ex. A ¶ 10.) Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see also Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (Kleinfeld, J., concurring) (holding that LLCs are unincorporated associations for the purposes of CAFA). Thus, Cinmar, LLC is a citizen and resident of the States of Delaware and Ohio for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14. Plaintiff also alleges that Defendant Frontgate Marketing, Inc. is "a Delaware corporation with its principal place of business in West Chester, Ohio." (Ex. A ¶ 11.) Thus, Frontgate Marketing, Inc. is also a citizen and resident of the States of Delaware and Ohio for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

15. Here, the Complaint alleges that Plaintiff is domiciled in Redmond, Washington and the remaining proposed class members are citizens of Washington. (Ex. A ¶¶ 8, 9.) Accordingly, as neither Defendant is a citizen of Washington, minimal diversity is satisfied, and removal is proper.

**C. The Amount in Controversy Exceeds $5 Million**

16. CAFA requires that the aggregate amount in controversy "exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (6). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020); *see also Dart Cherokee Basin*, 574 U.S. at 89 (holding when a complaint seeks damages but does not state a specific amount, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). "[T]he amount in controversy is the 'amount *at stake* in the underlying litigation,'" which "does not mean likely or probable liability; rather, it refers to *possible liability*." *Greene*, 965



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

F.3d at 772 (second emphasis added) (citation omitted); *Assaf v. Progressive Direct Ins. Co.*, No. C19-6209 BHS, 2020 WL 6741424, at *2 (W.D. Wash. Nov. 17, 2020) (same, quoting *Greene*). "The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will *actually* owe." *Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *4 (W.D. Wash. Aug. 2, 2022) (citation omitted).

17. Plaintiff seeks several forms of monetary damages, including the "greater of actual or statutory damages, treble damages, and punitive damages where applicable." (Ex. A ¶¶ 80, 81, 84.) The statutory damages requested are particularly critical as Plaintiff seeks to recover "the greater of actual damages and statutory damages of $500 per email that violates CEMA." (*id.* ¶ 81); *see also* Wash. Rev. Code § 19.190.040(1) ("Damages to the recipient of a commercial electronic mail message . . . sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater."). Based on Plaintiff's requested relief and allegations, the number of emails at issue could easily result in possible statutory damages exceeding $5 million.

18. Plaintiff alleges in the Complaint that "Frontgate has sent *at least thousands of emails* to Washington recipients" containing false or misleading subject lines. (Ex. A ¶ 43) (emphasis added). Plaintiff further alleges that Frontgate "constantly send[s] commercial emails to recipients on its mailing list" and describes receiving "daily emails from Frontgate (and sometimes multiple emails each day)." (*Id.*)

19. As noted above, while Defendants dispute Plaintiff's allegations, Defendants' business records indicate at least 10,000 promotional emails were sent to Washington residents in the four-year statutory period. Because Plaintiff seeks statutory damages of $500



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

per email, Plaintiff's request for statutory damages on a class basis exceeds the required amount in controversy.

20. Moreover, in addition to actual and statutory damages, Plaintiff also seeks "[a]n injunction prohibiting Frontgate's deceptive conduct." (Ex. A ¶ 84.) Injunctive relief is also properly valued in the amount in controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (holding that, for CAFA, "the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes…"); *Myspine PS v. Allstate Fire & Cas. Ins. Co.*, No. C12-1926 MJP, 2013 WL 12090083, at *2 (W.D. Wash. Jan. 25, 2013) (observing "the 'value' of injunctive relief, determined by calculating the defendant's costs of compliance, is properly included in the damages calculation for CAFA removal"). The value of an injunction in this case is measured at minimum by the cost of revising discount pricing and promotional email practices. *See Tompkins v. Basic Rsch. LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *5 (E.D. Cal. Apr. 22, 2008) (finding amount in controversy exceeded $5 million through valuation of injunction and corrective advertising).

21. Plaintiff also seeks treble damages and attorneys' fees. (Ex. A ¶¶ 80, 81, 84.) Attorneys' fees and treble damages are properly included in the amount in controversy when they are provided for by statute. *See Copple*, 2022 WL 3357865, at *4–5 (noting attorneys' fees are properly considered and the "Court has, on several occasions, found it appropriate to consider treble damages in calculating the amount in controversy for a CPA claim"); Wash. Rev. Code § 19.86.090 (providing "[a]ny person who is injured in his business or property . . . may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

reasonable attorney's fee" and "the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained" up to $25,000). Fee requests in consumer class actions, such as this lawsuit, are typically significant. *See, e.g., Dennings v. Clearwire Corp*., No. C10-1859JLR, 2013 WL 1858797, at *10 (W.D. Wash. May 3, 2013), aff'd No. 13–35491 (9th Cir. Sept. 9, 2013) (awarding class counsel $1,887,792.90 in attorneys' fees in consumer protection action).

22. Without conceding any merit to the Complaint's allegations or causes of action, the aggregated amount in controversy here, as alleged in Plaintiff's Complaint, easily exceeds CAFA's $5 million threshold.

## II. ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

23. Removal to the Seattle Division is appropriate as the State Court Complaint was originally filed in King County Superior Court. 28 U.S.C. § 1441(a); LCR 3(e)(1).

24. Given that the summons and complaint in this action were served on August 4, 2025, this Notice is timely filed under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1); *Bavand v. OneWest Bank FSB*, No. C12-0254JLR, 2012 WL 1884668, at *5-6 (W.D. Wash. May 22, 2012).

25. In accordance with 28 U.S.C. §1446(d), Defendants will promptly serve this Notice on Plaintiff's counsel and file a copy of the Notice with the Clerk of the King County Superior Court.

26. By removing this action to this Court, Defendants do not waive, but instead expressly reserve any available right, argument or objection.



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**CONCLUSION**

For the foregoing reasons, Defendants respectfully remove this action from the Superior Court of the State of Washington, King County, bearing case number 25-2-22196-2 SEA, to the United States District Court for the Western District of Washington.

DATED this 2nd day of September, 2025.

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169

*s/ Colin M. George*
Colin M. George, WSBA No. 45131

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104
Telephone: (206) 625-8600
Facsimile: (206) 625-0900 F
bmarksdias@corrcronin.com
cgeorge@corrcronin.com

*s/ Jason D. Russell*
Jason D. Russell (*pro hac vice* forthcoming)

*s/ Hillary A. Hamilton*
Hillary A. Hamilton (*pro hac vice* forthcoming)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
jason.russell@skadden.com
hillary.hamilton@skadden.com

*s/ Michael W. McTigue, Jr.*
Michael W. McTigue, Jr. (*pro hac vice* forthcoming)

*s/ Meredith C. Slawe*
Meredith C. Slawe (*pro hac vice* forthcoming)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Defendants Cinmar, LLC and Frontgate Marketing, Inc.*



CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

The undersigned certifies as follows:

1. I am employed at Corr Cronin LLP, attorneys for Defendants.

2. On September 2, 2025, I caused a true and correct copy of the foregoing document to be served on the following parties in the matter indicated below:

**VIA ECF**

Jonas B. Jacobson (WSBA #62890)
jonas@dovel.com
Martin Brenner
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

Cody Hoesly (WSBA #41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

*Attorneys for Plaintiff Ankit Sud*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: September 2, 2025, at Seattle, Washington.

*s/ Melinda R. Sullivan*
Melinda R. Sullivan, Legal Assistant
Corr Cronin LLP
1015 Second Avenue, 10th Floor
Seattle, WA 98104
Phone: (206) 625-8600
Email: msullivan@corrcronin.com